# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEBORAH GRANT<br>    Plaintiff,<br><br>          v.<br><br>STANDARD INSURANCE CO.<br>    Defendant. | No. 11 CV 6454<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Compel discovery.[1] The motion has three parts. First, Plaintiff seeks discovery as to Defendant's possible conflict of interest in administering the Plan. Second, Plaintiff seeks discovery pertaining to potential biases of doctors retained by Defendant to assess Plaintiff's medical condition. Finally, Plaintiff seeks a determination as to the admissibility of certain evidence of her disability that is outside of the administrative record. For the following reasons, Plaintiff's motion to compel is GRANTED in part and DENIED in part.

In an ERISA benefit case the Court has "discretion to limit the evidence to the record before the plan administrator, or to permit the introduction of additional evidence necessary to enable it to make an informed and independent judgment." *Patton v. MFS/Sun Life Fin. Distribs., Inc.*, 480 F.3d 478, 490 (7th Cir. 2007). On September 18, 2012, I issued an opinion in which I determined that the *de novo* standard of review applies to this case. Under *de novo* review, my only job is to independently determine whether Plaintiff is entitled to LTD benefits under the Plan. In other words, I must assess whether, at the time she applied for LTD benefits,

---

[1] I incorporate herein by reference my September 18, 2012 opinion granting partial summary judgment to Plaintiff as to the proper standard of review in this case.

Plaintiff met the Plan's definition of 'disability.'

Defendant is correct that under the *de novo* standard of review, evidence of Defendant's conflict of interest in administering the Plan is unhelpful in determining whether Plaintiff qualified as disabled under the Plan. See *Dennison v. Mony Life Ret. Inc. Sec. Plan for Employees*, - - F.3d - -, 2013 WL 819467, at * 7 (7th Cir. Mar. 6, 2013). Thus, I am denying the motion to compel insofar as it seeks evidence related to Defendant's general practices in administering the Plan, or whether Defendant fairly adjudicated Plaintiff's claim. See *Diaz v. Prudential Ins. Co. of America*, 499 F.3d 640, 643 (7th Cir. 2007) ("What happened before the Plan administrator or ERISA fiduciary is irrelevant"). I read document requests 2, 4, 5, 6, and 7, as well as interrogatory requests 7 and 8, as falling under this category. As such, Plaintiff's motion to compel is DENIED as to those discovery requests.

Evidence of a *doctor's* potential bias, however, is relevant because it goes to the credibility of the Physician Consultant Reports ("PCRs"), which I will consider when I make my independent assessment as to whether Plaintiff is entitled to LTD benefits. *Borich v. Life Ins. Co. of N. Am.*, No. 12 C 734, 2013 U.S. Dist. LEXIS 59674, *12-20 (N.D. Ill. Apr. 25, 2013); *Shepherd v. Life Ins. Co. of N. Am.*, No. 11 C 3846, 2012 WL 379775, *4 (N.D. Ill. Feb. 3, 2012). Thus, I am granting the motion to compel insofar as it seeks evidence related to physician bias and other evidence that goes to the reliability of the PCRs. Specifically, the motion to compel is GRANTED as to document requests 1 and 3, as well as interrogatory requests 1 through 6.

The same logic applies to the requested video depositions. Defendant argues that the depositions of Doctors Mandiberg, Fancher, and Green would be unnecessarily duplicative because all three prepared detailed written Physician Consultant Reports ("PCR") that explain

the bases of their opinions. That may be, but a videotaped depositions will provide Plaintiff another opportunity to probe for bias in a way that, in the Court's experience, is far more effective than written discovery. Further, I think it would be helpful to my own analysis to have some adversarial questioning in the record as to the basis of the doctors' opinions. I am granting Plaintiff two hours of deposition time for each doctor, but no more. I am denying the Motion to Compel with respect to the request to depose Mr. Sampson, the benefits specialist who wrote the letter affirming Defendant's benefit decision on appeal. I do not defer to his decision and do not believe his testimony would aid me in any way, as his testimony would go more to the propriety of the administrator's decision-making process than the accuracy of the decision itself.

Finally, Plaintiff may affirmatively present whatever evidence pertaining to her disability that she wishes if it is procured at her own expense. *See Krolnik v. Prudential Ins. Co. of America*, 570 F.3d 841, 843 (7th Cir. 2009). Defendant is free to file motions in limine challenging such evidence at the appropriate time.

For the foregoing reasons, Plaintiff's motion to compel is GRANTED in part and DENIED in part.

              ENTER:

              *James B. Zagel* (signature)

              James B. Zagel
              United States District Judge

DATE: June 4, 2013